STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
WASHINGTON,ss                           LOCATION: MACHIAS
                                        DOCKET: WASCD-CR-18-31


STATE OF MAINE                    )
                                 )
                                 )
                                 )
                                 )
vs.                              )      ORDER AND DECISION
                                 )
                                 )
                                 )
SCOTT D. KNOWLTON                )
            Defendant            )


By an Indictment dated September 11, 2018, the Defendant, Scott Knowlton, has been charged

with Negotiating a Worthless Instrument, Class B, pursuant to 17-A M.R.S.A. §708(1)(B)(1). A

jury waived trial was held May 30, 2019, at which testimony was received from William Look

and Sid Look, who are both officers and owners of O.W. and B.S. Look Company, dba Looks

Lobster, the victim in this case. Also admitted into evidence were the following:

    State's Exhibit 1- check # 677 from Knowltons Seafood, LLC to Looks Lobster;

    State's Exhibit 2- copy of check as processed by the victim's bank and returned for

insufficient funds; and

    State's Exhibit 3-5 Day Notice with proof of service cards.


## STANDARD OF REVIEW

The Defendant, Scott Knowlton, is charged with Negotiating a Worthless Instrument, Class B,

pursuant to 17-A M.R.S.A. §708(1)(B)(1). To convict him of that charge, the State must prove

beyond a reasonable doubt that Knowlton:

1

1. Intentionally;

2. Issued or negotiated a negotiable instrument;

3. Knowing that it would not be honored by the maker or drawee; and

4. That the value of the written instrument was more than $10,000.

FINDINGS OF FACT

In December of 2017 Knowlton entered an agreement to purchase from Looks Lobster 3600 pounds, or 40 crates, of lobster for the price of $24,840. The arrangement was made by phone conversations between Knowlton and Sid Look, who was in Florida at the time. On Saturday, December 9, 2017, Knowlton travelled to Look Lobsters' place of business in Jonesport to purchase and pick-up the lobster. With him were two other individuals who were acquiring from Knowlton some quantity of the lobsters he was purchasing. At the Look Lobster facility in Jonesport Knowlton met with William Look.

William Look assisted in loading the lobster onto the truck Knowlton had brought to transport the lobster. During the loading, Knowlton and the two individuals with him inspected some of the lobster. After the lobsters were loaded, William Look went to his office and Knowlton joined him, where Knowlton wrote out and signed a check payable to Looks Lobster in the amount of $24,840. (See Ex. 1). The check was drawn on the account of Knowltons Seafood, LLC of Carthage, Maine. Before going to the office, William also saw the two men with Knowlton pay him an unknown sum of money, which William assumed was payment for the lobster they were buying off from Knowlton.

After the transaction was completed, William put the check in the "outbox" in his office for deposit at the bank. The following Monday, December 11, 2017, Michelle, their secretary, electronically deposited the check into the Look Lobster bank account at TDBank. The check was dishonored by TDBank and returned for insufficient funds after the check drawn on Knowltons Seafood, LLC failed to clear upon repeated presentment on December 11, 12, 13 and 14, 2017. (See Ex. 2).

After learning the check was not being honored, on December 14, 2017 Sid Look telephoned Knowlton. When Sid told Knowlton the check was not being honored, Knowlton told him his wife had forgotten to deposit a check. On December 29, 2017, at Sids instruction, Notification of Receipt of a Worthless Instrument, otherwise known as a "5 Day Notice" was issued by Looks Lobster. (See Ex. 3). Although the 5 Day Notice warned the recipient that the matter would be forwarded to law enforcement if the amount was not paid within 5 days, the notice did not properly advise the recipient that failure to pay within 5 days would give rise to the permissible inference that the maker of the check knew that the instrument would not be honored. The 5 Day Notice was mailed by certified mail, return receipt required, to Scott Knowlton, Knowlton's Seafood, 837 Carthage Road, Carthage, ME, but it was signed for on January 8, 2018 by Amy Knowlton.

3

## DISCUSSION

Although the State has proven beyond a reasonable doubt that Knowlton intentionally issued a negotiable instrument with a face value greater than $10,000, the State has not proven that he did so knowing the instrument would not be honored. The check Knowlton signed and delivered to Looks Lobster was drawn on the account of Knowltons Seafood, LLC. There is no evidence as to who the owners are of the LLC, or who has authority to write checks from the account the check was drawn upon. No bank records of any kind, other than the dishonored check, have been offered into evidence. When Sid Look confronted Knowlton on December 14th with the news the check had been returned, Knowlton told him his wife had forgotten to deposit a check. Accordingly, it is impossible to find beyond a reasonable doubt what amounts were in the account when the check was tendered, or who had authority on the account. There is simply insufficient evidence to establish the required element that Knowlton "knew" the check would be dishonored.

The State argues that it may rely on the permissible inferences of 17-A, M.R.S.A. § 708(2)(B) and (C) that Knowlton knew the check would not be honored. As previously discussed, the permissible inference allowed per §708(2)(C) cannot be applied because the 5 Day Notice failed to properly warn the recipient that failure to pay within 5 days would give rise to the inference that the maker of the check knew it would not be honored. Also, there is no proof Knowlton received the 5 Day Notice as it was signed for by Amy Knowlton. There is no evidence of any kind the notice ever made it to the defendant.

4

As for § 708(2)(B), it is arguable that Knowlton received actual notice when Sid Look called him on December 14th and told him the check had been dishonored.[1] But in that very conversation, Knowlton told Sid that his wife had forgotten to deposit a check. To the extent the permissible inference is raised, it is rebutted by the suggestion that Knowlton's wife had forgotten to deposit a check. From this evidence the court can infer that individuals other than Knowlton had access to the account. Again, it is the State's burden to prove beyond a reasonable doubt that Knowlton knew the check would be dishonored. On the facts of this case, the State has failed to meet that burden.

Accordingly, the court finds the Defendant, Scott Knowlton, NOT GUILTY of the charge of Negotiating a Worthless Instrument. The clerk is directed to make the entry of not guilty on the judgment.

Dated: June 3, 2019

Justice, Superior Court

---

[1] At the close of the State's case, Knowlton moved for acquittal pursuant to M.R.Crim.P. 29. That motion is denied.